UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANNA HARP,

    Plaintiff,

v.

NORDSTROM FSB, d/b/a
NORDSTROM BANK; NORDSTROM, INC.

    Defendant.
_____/

Case No.
Honorable _____

Nemer N. Hadous (CA #264431)
Robert A. Hadous (P-32365)
HADOUS|CO. PLLC
24725 W. 12 Mile Rd., Ste. 110
Southfield, Michigan 48034
(248) 663-5155
nhadous@hadousco.com
Attorneys for Plaintiff Hanna Harp

## COMPLAINT

NOW COMES Plaintiff Hanna Harp, ("Plaintiff"), by counsel, for her Complaint against Defendant Nordstrom FSB d/b/a/ Nordstrom Bank, and Nordstrom, Inc. (collectively, "Defendant") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction because this action arises out of violations of federal law. 28 U.S.C. §§ 1331. Jurisdiction is also proper

pursuant to 47 U.S.C. §227(b) (TCPA) (permitting actions to enforce liability in an appropriate United States District Court).

2. Venue in the United States District Court for the Eastern District of Michigan is proper because Plaintiff resides in this District, Defendants regularly transact business within this District and are otherwise subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

**PARTIES**

3. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

4. Plaintiff is a natural person. During all time relevant to this Complaint, Plaintiff was a citizen and resident of Wayne County, Michigan.

5. During all time pertinent to this Complaint, Defendant was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

6. Defendant Nordstrom FSB d/b/a Nordstrom Bank is a wholly owned subsidiary of Nordstrom, Inc. This Defendant may be served with process at 8502 East Princess Drive, Suite 150, Scottsdale, Arizona.

7. Defendant Nordstrom, Inc. is a Washington corporation. This Defendant may be served with process through its resident agent Corporate Creations Network, Inc., 28175 Haggerty Road, Novi, Michigan 48377.

8. During all time pertinent to this Complaint, Defendant acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

9. Any violations by Defendant as set forth in this Complaint were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)**

10. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

11. Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, *inter alia*, use of automated telephone equipment, or "autodialers." Specifically, the plain language of § 227(b)(l)(A)(iii) prohibits use of autodialers to make any call to a wireless number in the absence of an emergency or prior express consent of the called party.

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations

implementing the TCPA, such calls are prohibited because, as Congress found, automated or pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be inconvenient.

14. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

15. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

16. An "automatic telephone dialing system" means any equipment that has the "capacity to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011).

## FACTUAL ALLEGATIONS

17. In June 2017, Defendant began flooding Plaintiff's mobile telephone ending in 3747 with daily collection calls.

18. Defendant calls Plaintiff's cellular telephone at an annoying and harassing rate on a near daily basis.

19. Defendant telephones Plaintiff multiple times per day, at nearly identical intervals signaling use of an automatic telephone dialing system.

20. Defendant calls Plaintiff from the telephone number (866) 491-7864 and (888) 843-9802. These numbers are affiliated with, owned and operated by Defendant.

21. On June 20, 2017, Defendant telephoned Plaintiff's mobile phone with its automatic telephone dialing system. When Plaintiff answered this phone call, there was a momentary pause and clicking as the call was transferred to a live person to handle the answered call.

22. Plaintiff advised Defendant she did not wish to be contacted any more, and asked Defendant to stop calling—thereby revoking consent to be contacted. Rather than cease these calls, Defendant **increased** their frequency.

23. Over the next few months, Defendant called Plaintiff approximately 130 additional times since Plaintiff revoked consent to be called by Defendant. **Defendant placed up to 4 calls per day to Plaintiff**.

24. Despite Plaintiff's revocation, Defendant continues to harass Plaintiff on a near daily basis by repeatedly calling her mobile phone.

25. The telephone number Defendant contacts Plaintiffs at with its "automatic telephone dialing system," is assigned to cellular telephone services as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

26. Defendant uses an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place these repeated calls to Plaintiff. Defendant's automatic telephone dialing system places multiple daily calls to Plaintiff's cellular telephone at similar intervals.

27. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

28. Defendant's calls are placed to a telephone number assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

29. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

30. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system, "prior express consent" was revoked, when Plaintiff told Defendant to stop calling her.

31. The natural consequence of Defendant's statements and actions is to produce an unpleasant and hostile situation between Defendant and Plaintiff.

# COUNT ONE
## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

Defendant Nordstrom

32.  Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

33.  The TCPA is intended to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

34.  In enacting the TCPA, Congress found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Mims* 132 S. Ct. at 744.

35.  Section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.  The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.  An "automatic telephone dialing system" means any equipment that has the "capacity to dial numbers without human

intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011).

36. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff, using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

37. On June 20, 2017, Plaintiff instructed Defendant not to call him anymore, thereby revoking consent to be contacted by Defendant.

38. Rather than cease its collection calls, Defendant telephoned Plaintiff over 130 times over a roughly 3-month period.

39. Defendant's collection telephone calls to Plaintiff are without Plaintiff's prior express consent.

40. Defendant's conduct therefore violates the TCPA by Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

## **PRAYER FOR RELIEF**

41. **WHEREFORE**, Plaintiff, respectfully requests judgment against Defendant, for the following:

(a) For Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

(b) For Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

(c) Such other relief this Honorable Court deem just and proper, including post-judgment interest.

## JURY DEMAND

Plaintiff hereby demands jury trial on all issues so triable.

**RESPECTFULLY SUBMITTED** this 4th day of October 2017,

**HADOUS|CO. PLLC**

/s/Nemer N. Hadous
Nemer N. Hadous (CA: 264431)
Robert A. Hadous (P-32365)
24725 W. 12 Mile Rd., Ste. 110
Southfield, Michigan 48034
Phone: (248) 663-5155
Email: nhadous@hadousco.com
Attorneys for Plaintiff Hanna Harp